**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA., ) | CASE NO. 5:23-cr-46 |
| ) | |
| Plaintiff, ) | JUDGE CHARLES E. FLEMING |
| ) | |
| v. ) | |
| ) | |
| DEMARCUS WITCHER, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Defendant Demarcus Witcher's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 23). The Government filed its opposition (ECF No. 24), and Witcher did not reply. For the reasons set forth below, the Motion to Vacate is **DISMISSED** as untimely.

**I.    BACKGROUND**

On January 25, 2023, a federal grand jury issued an indictment charging Witcher with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). In May 2023, Witcher entered a plea agreement and provided notice to the Court that he intended to plead guilty pursuant to that agreement. (ECF Nos. 15, 16). Witcher, with the assistance of counsel, entered a guilty plea to the single charge in the indictment on June 8, 2023. (Minutes of Proceedings [non-document] dated June 8, 2023). On September 20, 2023, the Court sentenced Witcher to a 71-month term of imprisonment, with credit for time-served, followed by 3 years of supervised release. (ECF No. 21; Minutes of Proceedings [non-document] dated Sept. 20, 2023). Witcher did not file a direct appeal.

On February 10, 2025, Witcher filed the Motion to Vacate.  (ECF No. 23).  Witcher requests that the Court vacate his sentence and he raises three grounds for relief: (i) his conviction for felon in possession under 18 U.S.C. § 922(g)(1) was unconstitutional under the framework set forth in the Supreme Court's decision in *Bruen*;[1] (ii) he received ineffective assistance of trial counsel when his counsel did not challenge the constitutionality of § 922(g)(1); and (iii) the plea agreement/waiver was unconstitutional.  (*Id.* at PageID #113–16).  On March 11, 2025, the Government filed a response in opposition.  (ECF No. 24).

## II.  LEGAL STANDARD

Section 2255 provides a means by which a prisoner in federal custody may challenge his conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  A federal prisoner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate one of four authorized grounds for relief: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A defendant/petitioner must also demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  "A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a

---

[1] *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).

preponderance of the evidence." *McNeil v. United States*, 72 F. Supp. 2d 801, 804 (N.D. Ohio 1999) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

## III. DISCUSSION

The Government first argues that the Motion to Vacate should be dismissed as untimely. (ECF No. 24, PageID #164–66). "A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run 'from the latest of' four possible dates." *Rodriguez Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). The four dates are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court finds that the latest of the four dates here is the date on which Witcher's judgment of conviction became final. First, the Motion to Vacate does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. Second, even if the Court assumes that *Bruen* set forth a retroactively applicable new right upon which Witcher could challenge his § 922(g)(1) conviction,[2] the Supreme Court issued the decision in *Bruen* on June 23, 2022, and the judgment of conviction became final more than a year later.

---

[2] A proposition that the Sixth Circuit has rejected. *See Taylor v. United States*, No. 23-5982, 2024 U.S. App. LEXIS 17048, at *3 (6th Cir. July 11, 2024) ("But the Supreme Court has not made *Bruen* retroactive to cases on collateral review.")

3

The Court entered the judgment of conviction on September 27, 2023. (ECF No. 21). Witcher did not appeal his conviction or sentence. Thus, the conviction became final, and the one-year statute of limitations began to run, after the expiration of the 14-day period to appeal on October 11, 2023. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that a judgment of conviction becomes final when the time of a direct appeal expires and no appeal has been filed); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a direct appeal in a criminal case *must* be filed within 14 days of the entry of judgment). As a result, Witcher was required to file his § 2255 motion to vacate by October 11, 2024. But he filed the Motion to Vacate in February 2025, more than three months after the one-year statute of limitations lapsed.[3] (ECF No. 23). Thus, the Motion to Vacate is untimely.

Witcher has also not established that he is entitled to equitable tolling of the statute of limitations. "The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012)); *see also Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (explaining that the AEDPA statute of limitations may be equitably tolled "in appropriate cases"). A defendant may be entitled to equitable tolling if he establishes both of the following: "(1) that he has been pursuing his rights diligently; and (2) that

---

[3] The Motion to Vacate was received and docketed by the Northern District of Ohio on February 10, 2025. (ECF No. 23, PageID #110). Although the Motion to Vacate was postmarked February 4, 2025, and appears to have been signed on an unspecified date in December 2024, (ECF No. 23. PageID #121; ECF No. 23-2), Witcher does not receive the benefit of the prison mailbox rule because he did not provide sufficient documentation (sworn declaration or notarized statement) to establish the date on which the Motion to Vacate was provided to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a *pro se* prisoner's pleading is considered "filed" when it is given to a prison official for mailing); Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts (providing that a document filed by a *pro se* prisoner "is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."). Even if the postmark date or signature date were used as the date of filing, the Motion to Vacate would still be time-barred by the one-year statute of limitations.

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. A defendant bears the burden of establishing the grounds for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Witcher has provided no reason or explanation for why equitable tolling should be applied here. The Motion to Vacate does not address the statute of limitations and Witcher did not reply to the government's arguments that the Motion to Vacate is time-barred. Witcher has provided nothing to establish that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing a § 2255 motion.

Witcher has also failed to establish that equitable tolling is warranted "based on a credible showing of actual innocence." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). "A credible claim of actual innocence may overcome the AEDPA's one-year limitations period, but that requires the petitioner to show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find her guilty beyond a reasonable doubt.'" *Ayers v. Ohio Dep't of Rehab. & Corr.*, No. 23-3735, 2024 U.S. App. LEXIS 3677, *6 (6th Cir. Feb. 15, 2024) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013)) (alteration adopted). First and foremost, Witcher has not asserted a claim of actual innocence. Second, to the extent that Witcher might assert that he is "actually innocent" of his conviction under § 922(g)(1) based on *Bruen*, such an argument is unavailing.

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (internal quotation marks omitted). A claim that § 922(g)(1) was subsequently rendered unconstitutional solely attacks the legal sufficiency of the conviction; it does not establish factual innocence. Other courts have rejected similar arguments when a petitioner has invoked

5

*Bruen* to collaterally challenge his/her conviction under 922(g)(1). *See, e.g.*, *United States v. Lownsbury*, No. 5:22-cr-41, 2024 U.S. Dist. LEXIS 170706, at *9 (N.D. Ohio Sep. 23, 2024); *United States v. Watkins*, No. 1:22-cr-136, 2024 U.S. Dist. LEXIS 104082, at *7–8 (N.D. Ohio June 12, 2024); *United States v. Smith*, No. 5:16-cr-00100-KKC-EBA-1, 2024 U.S. Dist. LEXIS 173632, at *6–7 (E.D. Ky. June 4, 2024); *Price v. United States*, No. CR418-198, 2024 U.S. Dist. LEXIS 83224, at *4 n.3 (S.D. Ga. Apr. 8, 2024) (collecting cases and expressing doubts that a claim of actual innocence can be premised on a claim that a statute has been subsequently rendered unconstitutional).

Accordingly, the Court finds that Witcher has not established he is entitled to equitable tolling of the statute of limitations. Because the Motion to Vacate was filed months after the one-year statute of limitations passed, the Court **DISMISSES** the Motion to Vacate as time-barred under 28 U.S.C. § 2255(f).

## IV.   CONCLUSION

For the foregoing reasons, Witcher's Motion to Vacate (ECF No. 23) is **DISMISSED** as untimely.[4] The Court also finds that "reasonable jurists" would not debate the dismissal of the

---

[4] Because the Motion to Vacate is untimely, the Court need not address the Government's arguments related to waiver and the merits. That said, the Court would also dismiss the instant challenge to the constitutionality of Witcher's conviction under § 922(g)(1) as meritless. First, Witcher's facial challenge to § 922(g)(1) fails because the Sixth Circuit, in light of the Supreme Court's decision in *Bruen*, has held that § 922(g)(1) is not susceptible to a facial challenge. *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). Second, Witcher's as-applied challenge would also fail because the Court finds that Witcher's prior convictions demonstrate that he is dangerous and therefore § 922(g)(1) is constitutional as applied to him. *See id.* at 662–63 (holding that § 922(g)(1) is constitutional as applied to dangerous people). The burden rests on Witcher to show he is not dangerous, and he has not, and cannot, make such a showing. *Id.* at 662. Witcher's criminal record contains numerous offenses involving harm to others, including involuntary manslaughter, felonious assault, and attempted murder. "[T]here is little debate that violent crimes are at least strong evidence that an individual is dangerous." *Id.* at 658. The Court finds that Witcher's criminal record clearly demonstrates a history of violence against others. Witcher has failed to show that his possession of a firearm would not pose any threat of danger to others. He cannot make this showing; in two of his prior convictions, he was involved in drive-by shootings. He represents the type of dangerous person that may be disarmed under our nation's historical tradition. *See id.* at 663. Thus, the Court concludes that § 922(g)(1) is constitutional as applied to Witcher and his Ground One claim would fail on the merits.

Witcher's Ground Two claim for ineffective assistance of trial counsel would also fail on the merits. Ground Two asserts that Witcher's trial counsel was ineffective for failing to challenge the constitutionality of § 922(g)(1). (ECF No. 23, PageID #114). Because § 922(g)(1) is constitutional, both facially and as applied to Witcher, his trial counsel

Motion to Vacate and therefore **CERTIFIES** that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

  **IT IS SO ORDERED.**

Dated: April 14, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

was not ineffective for failing to challenge to the constitutionality of the statute. *Moody v. United States*, 958 F.3d 485, 492 (6th Cir. 2020). Thus, Ground Two would fail on the merits.